# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROY A. DAY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-1096-LPS |
| | : |
| 21ST CENTURY CENTENNIAL INSURANCE | : |
| COMPANY and ANTHONY J. DESANTIS, | : |
| | : |
| Defendants. | : |

Roy A. Day, Tarpon Springs, Florida, Pro Se Plaintiff.

Tracy A. Burleigh, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

August 11, 2014
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Roy A. Day ("Day") filed this declaratory judgment action (D.I. 2) on September 12, 2012, pursuant to 28 U.S.C. § 2201, against Defendant 21st Century Centennial Insurance Company ("21st Century"), a Delaware corporation, and its president and chief executive officer, Anthony J. DeSantis ("DeSantis"). Day invokes jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. Day proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) On March 17, 2014, the Court ordered the parties to brief the issue of whether the United District Court for the Middle District of Florida is a more convenient venue for this matter.[1] (*See* D. I. 64) The parties have briefed the issue. In addition, Defendants filed a motion for Day to cease all direct communication with defendants. (*See* D. I. 67) For the reasons discussed below, the Court will deny the motion to cease communications without prejudice to renew, and will order the action transferred to the United District Court for the Middle District of Florida.

## II. BACKGROUND

Day filed this lawsuit on September 4, 2012. This was the first of nine lawsuits filed in this district by Day, in what appeared to be an attempt to avoid sanctions imposed on him by the Middle District of Florida.[2] *See Day v. Ibison*, 530 F. App'x 130, 132 (D. Del. July 17, 2013). The Court was unaware of the Florida sanctions when it granted Day's request to proceed *in forma pauperis*.

---

[1]The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. District Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the Court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Johnson v. U.S. Bancorp*, 2012 WL 1133689 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 507 n.12 (E.D. Pa. 2003).

[2]The remaining eight law suits, filed on November 26, 2012, December 17, 2012, and June 13, 2013, have been dismissed, and the dismissals were affirmed on appeal.

1

Day resides on Florida. He was involved in an automobile accident on June 23, 2010, when his 2010 Hyundai Accent was rear-ended by an uninsured motorist. The accident occurred in Port Richey, Florida. Day was insured by 21st Century at the time of the accident, and he filed a property damages claim. The claim was assigned to 21st Century's Florida South Auto Claims Team. The car was deemed a total loss, and 21st Century offered Day $10,723.33 in exchange for his relinquishment of ownership of the Hyundai Accent. Day rejected the offer. Day alleges that because the insurance adjusters made a fraudulent initial offer, he was forced and coerced to transfer the insurance claim to DeSantis, the only individual with full and complete legal authority at 21st Century. Day made four counter-offers to DeSantis by mail but, as alleged, he did not receive a written rejection from Defendants.

The Complaint contains five counts. Count I seeks declaratory relief pursuant to 28 U.S.C. § 2201; Count II alleges breach of contract; Count III alleges negligence; Count IV alleges fraud; and (5) Count V alleges emotional distress. Day seeks compensatory damages, declaratory relief, reasonable costs, and attorneys' fees.

### III. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district in which the action might have been brought for the convenience of the parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in district courts to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *see also Shutte*

2

*v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The deference afforded a plaintiff's choice of forum will ordinarily apply as long as a plaintiff has selected the forum for some legitimate reason. *See Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

Although "there is no definitive formula or list of factors" to consider in assessing whether to transfer, typically a series of private and public interests are considered. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1994). The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *See id.* The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

### IV. DISCUSSION

In Day's amended brief he states that this Court "lacks competent jurisdiction of Plaintiff at this stage of litigation" and that the United States District Court for the Western District of Washington, Seattle Division, is a more appropriate court. (*See* D.I. 68) He also state that Defendants consented to transfer the case to the Western District of Washington. Defendants

3

dispute that they consented to transfer the case to the Western District of Washington. In addition, Defendants state that the action could have been filed in the Middle District of Florida given that Day resides in Florida, a substantial part of the events or omissions giving rise to the claim occurred in Florida, the motor vehicle accident which forms the basis of the complaint occurred in Florida and was handled by 21st Century's Florida South Auto Claims Team, Defendants are subject to personal jurisdiction under Florida's long-arm statute, and the insurance policy at issue was purchased in Florida. The Court perceives no basis to disagree with Defendants' position.

In viewing all the *Jumara* factors, the Court finds that balance is strongly in favor of a transfer under § 1404 to the Middle District of Florida. The alleged facts giving rise to the complaint occurred in Florida. Although he filed this action in Delaware, Day is not a resident of Delaware and, at the time he filed the lawsuit, he provided a Florida address. Documents, witnesses, and evidence are located in the Florida, while none of these appears to be present in Delaware. Finally, given the fact that the alleged wrongs occurred in Florida, the Middle District of Florida has a stronger interest in deciding the dispute and, for those claims raised under Florida law, the presiding judge will have more familiarity with the applicable law.

Despite the deference afforded to Day's choice of forum, the balance of factors is strongly in favor of a transfer to the United States District Court for the Middle District of Florida. The Court affords no deference to Day's new choice of forum, the Western District of Washington, as it appears this case has no connection to the State of Washington and Plaintiff initially chose to file the case here.

## V. CONCLUSION

For the above reasons, the Court will order the action transferred to the United States District Court for the Middle District of Florida, and will deny without prejudice to renew the pending motion for Plaintiff to cease all direct communication with defendants. (*See* D. I. 67)

An appropriate Order follows.