UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY A. DAY,

    Plaintiff,

v.                                            Case No: 8:14-cv-2048-T-36AEP

21ST CENTURY CENTENNIAL
INSURANCE COMPANY and ANTHONY
J. DESANTIS,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff Roy A. Day's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 90). In the Motion, Day requests that the Court enter a temporary restraining order prohibiting various Florida state entities and employees from destroying evidence relating to a criminal case in which he was involved approximately five years ago.[1] Although not entirely clear, it appears that Day is arguing that such evidence is necessary for him to rebut the allegations that Defendants have made in their Motion to Dismiss (Doc. 89) and/or that Day anticipates Defendants will make at trial in front of a jury. Day claims that he is entitled to immediate relief because this evidence will be destroyed in October 2014. Day also seeks a preliminary injunction that this evidence be preserved during the pendency of this action. Defendants responded in opposition to Day's Motion (Doc. 92). The Court, having considered the motion and being fully advised in the premises, will now DENY Day's Motion for Temporary Restraining Order and Preliminary Injunction.

---

[1] In general, the Florida entities Day seeks to enjoin include Florida state trial and appellate courts and licensed Florida attorneys. None of these entities or individuals are parties to this lawsuit.

"The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Samson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Similarly, under the Local Rules, a motion for a temporary restraining order must be supported by "allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for the preliminary injunction is impractical if not impossible." M.D. Fla. R. 4.05(b)(2).

Here, Day has not shown that he is entitled to a temporary restraining order. First, he has not demonstrated that he will suffer an "immediate and irreparable injury," much less one that is "so imminent that notice and a hearing . . . is impractical if not impossible." Day has not identified specifically what evidence he is seeking to preserve, or which specific points alleged by Defendants that the evidence might rebut. He has not even identified why the unspecified evidence is relevant, beyond generally asserting that it would have exonerated him in the unrelated criminal matter. He has thus failed to demonstrate that he would suffer an injury even if any such evidence were destroyed. Further, although Day has noticed Defendants' counsel, he has failed to notice the parties he is seeking to enjoin, and has not shown that any potential injury he might suffer would be "so imminent" that any order should issue without notice. Indeed, although he claims that the evidence will be destroyed in October 2014, he fails to explain, in violation of Local Rule

4.05(b)(4), why the various Florida entities may not be noticed before then.  Finally, Day has failed to address "the likelihood that [he] will ultimately prevail on the merits of the claim," as also required by Local Rule 4.05(b)(4).

For many of these same reasons, Day's motion for a preliminary injunction will be denied. *See* M.D. Fla. R. 4.06(b)(1) ("The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) . . . ."). Moreover, if Day wishes to pursue a preliminary injunction, he must first give notice to the entities he is seeking to enjoin.  *See* Fed. R. Civ. P. 65(a)(1); M.D. Fla. R. 4.06(a). Since the Florida entities are not parties to this litigation, Day must move to join these entities in this litigation or separately bring an action against these entities to obtain the relief he is seeking here.  This Court lacks jurisdiction to issue injunctive relief against the Florida entities, non-parties, on the facts asserted in Day's motion.

Finally, the Court will deny Day's request for costs and attorneys' fees.  As a non-attorney, Day generally is not entitled to recover such fees, *see State, Dep't of Ins. v. Fla. Bankers Ass'n*, 764 So. 2d 660, 663 (Fla. Dist. Ct. App. 2000), and he has not cited any authority to the contrary.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff Roy A. Day's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 90) is **DENIED** in all respects.

**DONE AND ORDERED** in Tampa, Florida on September 22, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties